UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CHRISTOPHER FISH,

        Plaintiffs,        3:13-cv-01698-CL

      v.        FINDINGS AND RECOMMENDATION

COLETTE S. PETERS,
et al.,

        Defendants.

CLARKE, Magistrate Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections,[1] filed a complaint under 42 U.S.C. § 1983, alleging Eighth Amendment claims for deliberate indifference to his medical needs. Plaintiff alleges that due

---

[1] Plaintiff was in the physical custody of the DOC when he filed this action. The record reflects that plaintiff's earliest release date was January 9, 2015, so it is possible that plaintiff is no longer incarcerated.

1 - FINDINGS AND RECOMMENDATION

to not being provided a "C-PAP machine" for his sleep apnea he has not been able to get a full night's sleep, has fallen out of bed, and fears that he will not wake up.

Defendants now move for Summary Judgment (#34).

Defendants argue that plaintiff's "complaint fails to allege any facts against any particular defendant," and therefore fails to state a claim.[2] Motion for Summary Judgment (#34) p. 1-2. Defendants' argument in this regard is well taken.

To establish a § 1983 claim against an individual defendant, a plaintiff must establish personal participation by the defendant in the alleged constitutional deprivation. Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). Plaintiff names four individual defendants, but does not allege any facts against any specific defendant. Therefore, plaintiff fails to meet the minimal pleading requirement of Fed. R. Civ. P. 8(a) and fails to state a claim under Fed. R. Civ. P. 12(b) and 42 U.S.C. §1997e.

Arguably, the pleading deficiency could be cured by

---

[2] At p. 13 of their memorandum, defendants state: "If construed generously, the alleged facts suggest a claim for inadequate medical care as against Defendant (2) Ms. Whelan. Accordingly, the Complaint should be dismissed as to Defendants Grower, Peters, and Franke for failure to state a claim." Although Colette Peters is a defendant, none of the other referenced individuals are named as defendants in this case. The court assumes that this statement is a misprint or typographical error.

2 - FINDINGS AND RECOMMENDATION

amendment. However, for the reasons discussed below, even if plaintiff were able to allege facts sufficient to state a claim against the individual defendants, defendants are entitled to judgment as a matter of law.

Plaintiff's first claim for relief alleges "medical negligence." Negligence is not a proper basis for liability under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986); see also, Estelle v. Gamble, 429 U.S. 97, at 105 - 106 (1976) ["a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a claim of medical mistreatment under the Eighth Amendment."]. Accordingly, defendants are entitled to judgment as a matter of law as to plaintiff's first claim.

Plaintiff Claim II alleges that defendants were violated his rights by their "deliberate indifference" to his medical needs" and "issues," Complaint (#2) p. 5.

In order to prevail on a 42 U.S.C. § 1983 claim that medical treatment has been denied or inadequately rendered, a prisoner must establish that there has been a "deliberate indifference to [his] serious medical needs." Estell v. Gamble, 429 U.S. 97, 104 (1976); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000); see also, Clements v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).

3 - FINDINGS AND RECOMMENDATION

A determination of "deliberate indifference" requires an examination of two elements: 1.) The seriousness of the prisoner's medical needs, and 2.) The nature of the defendant's response. McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (overruled on other grounds by WMX Techs., Inc v. Miller, 104 F.3d 1133 (9th Cir. 1997). To find deliberate indifference, "[a] defendant must purposefully ignore or fail to respond to a petitioner's pain or possible medical need." Id. at 1060.

Whether a medical condition is serious is ordinarily a question left to physicians, Brownell v. Figel, 950 F.2d 1285, 1291 (7th Cir. 1991) Davis v. Jones, 936 F.2d 971, 992 (7th Cir. 1991), but in general a medical condition is serious if it is life threatening or poses a risk of needless pain or lingering disability if not treated at once. Id., 936 F.2d at 972; see also, Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Medical malpractice, even gross malpractice, does not amount to a violation of the Eighth Amendment, see, Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). Thus, a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment does not raise a claim under 42 U.S.C. § 1983. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). "Rather, to prevail on a claim involving choices between alternative courses of treatment, a

prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" Id, (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996.

Because courts lack medical expertise, "where prisoners receive some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgment." Miranda v. Munoz, 770 F.2d 255, 259 (1st Cir. 1985); Layne v. Vinzant, 657 F.2d 468, 474 (1st Cir. 1985); Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

Liability may be imposed only where the decision by the medical professional is so objectively unreasonable as to demonstrate that it was not based on professional judgment. Parham v. J.R., 442 U.S. 584,(1976); Estate of Conners v. O'Conner, 846 F.2d 1205, 1209 (9th Cir. 1988), cert. Denied, 489 U.S. 1065 (1989).

Defendants have provided a detailed time-line of plaintiff's course of treatment. Motion for Summary Judgment (#34); Declaration of Steve Shelton (#35). Plaintiff does not seriously dispute defendants factual assertions but appears to argue that there was an unreasonable delay in responding to his medical needs. However, a review of the chronology of

5 - FINDINGS AND RECOMMENDATION

plaintiff's diagnosis and treatment in connection with his sleep apnea progressed without unreasonable delay.

The time-line established in the record before the court demonstrates a steady progression from the time plaintiff first presented at Sick Call with his complaint (December 7, 2012), to his evaluation, sleep studies, and ultimately being issued a machine (July 26, 2013). The only "delays" during the process were the result of plaintiff's slow submission of a records request (January 4, 2013 to January 26, 2013) and the fact that plaintiff's purported clinic - "Sleep Wise" in Australia - had no record of him as a patient. The delay from April 24, 2013 to July 26, 2013, apparently was the result of plaintiff's own delay in completing his package request form and/or his family's slow response in mailing his C-PAP mask to him.

I find that the record before the court establishes that plaintiff was provided appropriate and timely medical care for his complaints of sleep apnea and associated "issues," and that defendants are entitled to judgment as a matter of law as to plaintiff's claim for "deliberate indifference."

Plaintiff's Claim III alleges "Emotional Distress" as a result of defendants' alleged indifference to his medical needs. For the reasons discussed above, defendants are entitled to judgment as a matter of law as to plaintiff's

6 - FINDINGS AND RECOMMENDATION

Claim III.

Qualified immunity shields government officials from liability for damages when they make decisions that, even if constitutionally deficient, reasonably misapprehend the law governing the circumstances they confronted. <u>Brosseau v. Haugen</u>, 543 U.S. 194, 202 (2004); <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982).

While public officials are thus generally protected from civil liability under the doctrine, the defense will fail where their actions violate law that is clearly established, because "a reasonably competent public official should know the law governing his conduct." *Id.* at 819. "The qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law..'" <u>Hunter v. Bryant</u>, 502 U.S. 224 (1991) (quoting <u>Malley v. Briggs</u>, 475 U.S. 335341 (1986). An official should be denied qualified immunity only when "[t]he contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right. <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987).

Qualified immunity is immunity from suit, not merely a defense to liability. <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985). Like absolute immunity, qualified immunity is effectively lost if a case is erroneously permitted to go to

trial. *Id.* Consequently, the Court has repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation. *See*, <u>Hunter v. Byrant</u>, 502 U.S. 224, 227 (1991) (*per curiam*) <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001).

Until recently courts considering an official claim of qualified immunity followed the two-step protocol established in *Saucier v. Katz*, 533 U.S. 194 (2001), which required the court first to determine whether the defendant violated a constitutional right and then to determine whether that right was clearly established. *See*, *Pearson v. Callahan*, 555 U.S. 223 (2009) (overturning *Saucier* in part). In *Pearson v. Callahan*, the Supreme Court reversed this earlier rule and gave courts discretion to grant qualified immunity on the basis of the "clearly established" prong alone, without deciding in the first instance whether any right had been violated. *Id.* Thus, we may grant qualified immunity if 'the facts that a plaintiff has alleged or shown [do not] make out a violation of a constitutional right' or if 'the right at issue was [not] clearly established at the time of the defendant's alleged conduct.' *Id.* at 816, 818 (internal citations omitted). *See also*, <u>James v. Rowlands</u>, 606 F.3d 646 (9th Cir. 2010).

As set forth above, defendants response to plaintiff's

8 - FINDINGS AND RECOMMENDATION

request for a CPAP machine and did not violate any of plaintiff's clearly established constitutional rights. Even if some minimal encroachment did arguably occur, defendants are qualifiedly immune from liability for damages because their response was a reasonable interpretation of the law governing the circumstances they confronted. Brosseau, 543 U.S. 194, 202; Harlow, 457 U.S. 800.

Defendants' Motion for Summary Judgment (#34) should be allowed. The Clerk of the Court should be directed to enter a judgment dismissing this action.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or

9 - FINDINGS AND RECOMMENDATION

judgment entered pursuant to the Magistrate Judge's recommendation.

*Any appeal form an order adopting this Findings and Recommendation or judgment dismissing this case would be frivolous and not taken in good faith. Therefore, plaintiff's in forma pauperis status should be revoked.*

DATED this 9 day of April, 2015

Mark D. Clarke
United States Magistrate Judge

11 - FINDINGS AND RECOMMENDATION